IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PROPHET CAPITAL MANAGEMENT, LTD. and ROBERT EPSTEIN | § § § | |
| V. | § § | A-09-CA-316 LY |
| PROPHET EQUITY, LLC | § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Prophet Equity LLC's Motion Contesting Service, Motion to Dismiss, and Motion for More Definite Statement Pursuant to Rule 12, filed on June 29, 2009 (Clerk's Doc. No. 5); Plaintiffs' Response to Defendant's Motion Contesting Service, Motion to Dismiss, and Motion for More Definite Statement Pursuant to Rule 12, filed on July 9, 2009 (Clerk's Doc. No. 11); and Defendant Prophet Equity LLC's Reply to Plaintiffs' Response To Motion Contesting Service, Motion to Dismiss, and Motion for More Definite Statement Pursuant to Rule 12, filed on July 20, 2009 (Clerk's Doc. No. 14).

On August 4, 2009, the District Court referred the foregoing to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND

Plaintiffs Prophet Capital Management, Ltd. and Robert Epstein ("Plaintiffs" or "Prophet Capital") filed suit against Defendant Prophet Equity LLC ("Defendant" or "Prophet Equity"), asserting claims for service mark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), for service mark dilution under Chapter 16 of the Texas Business and Commerce Code, for service mark infringement and unfair competition under the common law of Texas, and for unjust enrichment.

In the current motion before the Court, Prophet Equity has moved to have the claim for dilution under the Texas Business and Commerce Code and the claim for unjust enrichment dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## II. ANALYSIS

**A.     Standard of Review**

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and rarely granted." *Kaiser Alum. & Chem. Slas v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). In reviewing the motion, the court is to take all of the well-pleaded facts in the complaint as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).

For years, the long-standing rule had been that a court may not dismiss a case under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

---

[1] Prophet Equity had also moved for dismissal for improper service. Both parties agree that this aspect of the motion is moot, as Plaintiffs have now properly served Prophet Equity. Accordingly, the undersigned recommends that Prophet Equity's motion with respect to improper service be denied as moot.

claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court articulated the standard differently, stating instead that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 570 & 555. In its most recent term, the Supreme Court made it plain that this new standard applies to all cases, not just to antitrust cases such as *Twombly*. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1953 (2009).

**B.      Prophet Equity's Motion to Dismiss**

Prophet Equity argues that Prophet Capital's cause of action for unjust enrichment, as well as their claim for dilution under the Texas Business and Commerce Code, should be dismissed because Plaintiffs fail to state a claim for which relief can be granted. More specifically, Prophet Equity argues that (1) there is no independent cause of action for unjust enrichment under Texas law, and assuming there is, the claim was not adequately pled; and (2) Plaintiffs have failed to adequately plead their state dilution claim.

*1.      Unjust Enrichment*

Prophet Equity first argues that Prophet Capital's claim for unjust enrichment should be dismissed under Rule 12(b)(6). Prophet Equity bases its motion to dismiss this claim in part on the grounds that unjust enrichment is not an independent cause of action under Texas law.[2] However,

---

[2]The undersigned does not believe this would be an appropriate basis for dismissing this claim. First, one of the cases relied upon by Prophet Equity to show that dismissal would be proper for this reason actually suggests such a cause of action exists. The court in *Baisden v. I'm Ready Productions, Inc.*, rather than dismissing the claim for unjust enrichment because it is not a cause of action recognized by Texas law, concluded that the plaintiff's claim for unjust enrichment was

3

Prophet Equity also argues that this claim must be dismissed because the complaint does not allege that Prophet Equity was unjustly enriched by a benefit obtained from Prophet Capital by fraud, duress, or undue advantage, nor does the complaint allege any facts capable of proving this aspect of a claim for unjust enrichment. On this point, the Court agrees.

Although Prophet Capital alleges that the use of Prophet Capital's marks enabled Prophet Equity to "trade on and receive the benefit of goodwill built up at great labor and expense over many years by Prophet Capital, and to gain acceptance for its business and services not solely on its own merits, but on the reputation and goodwill of Prophet Capital and its services," the complaint does not allege that Prophet Equity has been unjustly enriched by a benefit obtained from Prophet Capital by fraud, duress, or undue advantage. *See Heldenfels Brothers, Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) ("A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage."). Nor does the complaint allege any facts capable of proving that Prophet Equity has been unjustly enriched by a benefit that it obtained from Prophet Capital by fraud, duress, or the taking of undue advantage. *See Baisden*, 2008 WL 2118170, at *11 (dismissing claim for unjust enrichment where complaint fails to allege that benefit was obtained by fraud, duress, or undue advantage, or any facts

---

factually insufficient to state a claim under Texas law because there were no allegations (or factual support capable of proving) that a benefit was obtained by fraud, duress, or undue advantage. *See Baisden v. I'm Ready Productions, Inc.*, No. H-08-0451, 2008 WL 2118170, at *10–11 (S.D. Tex. May 16, 2008) (recognizing legal theory of unjust enrichment under Texas law, but dismissing unjust enrichment claims for factually insufficient allegations). Moreover, in *Newington Ltd. v. Forrester*, the Northern District of Texas considered and rejected this same argument for dismissal (i.e. that unjust enrichment is not a cause of action recognized by Texas law). *See Newington Ltd. v. Forrester*, No. 3:08-CV-0864-G, 2008 WL 4908200, at * 3–4 (N.D. Tex. Nov. 13, 2008) ("Given that the Supreme Court has stated that unjust enrichment is a cause of action, and that Texas courts seem willing to award recovery based on unjust enrichment, even if it is nothing more than a theory, the court concludes that Newington's claim for unjust enrichment should proceed.").

capable of proving the same). Thus, the undersigned concludes that Prophet Capital's allegations of unjust enrichment are factually insufficient to state a claim for which relief may be granted under Texas law. However, because this case is still in its early stages, the Court should allow Plaintiffs the opportunity to amend before dismissing this claim with prejudice. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995) ("The court should freely give a complainant . . . leave to amend defective allegations in a pleading."); *Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248, 2009 WL 2345116, at * (N.D. Tex. July 16, 2009) ("Normally the Court will allow a plaintiff the opportunity to amend where it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based.").

  *2. Dilution*

  Prophet Equity next argues that Prophet Capital's claim for dilution under the Texas Business and Commerce Code should be dismissed because Plaintiffs have failed to state a claim. Prophet Equity argues that the complaint makes no more than a "bare bones" assertion of a violation of TEX. BUS. & COM. CODE § 16.29, without addressing the elements of a claim under this section, and without providing enough factual information that would allow an inference that those elements exist. Prophet Equity specifically complains that the complaint fails to address the element regarding the distinctive quality required to succeed on such a claim. Prophet Capital responds by arguing that its allegations are sufficient to state a claim, and that Prophet Equity is improperly attempting to demand more detail than is required at the pleading stage.

  Prophet Capital's dilution claim is based on the Texas Anti-Dilution Statute, which provides the following:

> A person may bring an action to enjoin an act likely to injure a business reputation or to dilute the distinctive quality of a mark registered under this chapter or Title 15, U.S.C., or a mark or trade name valid at common law, regardless of whether there is competition between the parties or confusion as to the source of goods or services.

TEX. BUS. & COM. CODE § 16.29. Under Texas law, to determine whether a mark is distinctive enough for dilution, the court considers the following factors: "whether the mark is arbitrary, the length of time the user has employed the mark, the scope of the user's advertising and promotions, the nature and extent of the first user's business, and the scope of the first user's reputation." *Advantage Rent-A-Car, Inc. v. Enterprise Rent-A-Car, Co.*, 238 F.3d 378, 381 (5th Cir. 2001).

The undersigned believes that Prophet Capital has sufficiently alleged a claim under this statute. Looking to the complaint, there are allegations that Prophet Capital's marks are federally registered and valid at common law, there are allegations that relate to the distinctiveness and strength of the marks, and there are allegations that address the length of time Prophet Capital has used the marks. Further, Plaintiffs' complaint discusses the nature and extent of the Prophet Capital's business, as well as the scope of Prophet Capital's reputation. The undersigned believes Plaintiffs' complaint is sufficient to state a claim for dilution under Texas law, and therefore recommends that Prophet Equity's motion with respect to this claim be denied.

C.  **Prophet Equity's Alternative Motion for More Definite Statement**

Prophet Equity requests in the alternative that, as to any of Plaintiffs' claims that are not dismissed pursuant to Rule 12(b)(6), the Court order Plaintiffs to file an amended complaint setting forth sufficient information to outline the elements of the claims or permit inferences to be drawn that these elements exist.[3] As noted above, the undersigned believes that Prophet Capital's

---

[3] Prophet Capital responds to this by addressing the sufficiency of their pleadings with respect to all of their claims. However, because Prophet Equity limited this request to "any of Plaintiffs'

allegations of unjust enrichment are factually insufficient to state a claim for which relief may be granted under Texas law, but Plaintiffs should be given an opportunity to amend their complaint before this claim is dismissed. Thus, the undersigned does not believe the Court should order Plaintiffs to file an amended complaint, but rather should give them the opportunity to do so if they do not want this claim dismissed. As for Prophet Capital's state law dilution claim, the undersigned believes Plaintiffs' pleadings meet the requirements of Rule 8, and therefore believes that Prophet Equity's alternative motion for a more definite statement as to this claim should be denied.

### III. CONCLUSION

Based on the foregoing, the undersigned is of the opinion that Defendant Prophet Equity's motion contesting service, motion to dismiss, and motion for more definite statement pursuant to Rule 12 should be denied, with the following caveat. Prophet Capital's allegations of unjust enrichment are factually insufficient to state a claim for which relief may be granted under Texas law, but Plaintiffs should be given an opportunity to amend before the Court dismisses these claims. In the event Plaintiffs fail to amend their complaint and cure the deficiencies noted above, Defendant's motion should be granted in part, and this claim should be dismissed. Prophet Capital's complaint is sufficient to state a claim for dilution under Texas law, so Prophet Equity's motion with respect to this claim should be denied. Prophet Equity's alternative motion for a more definite statement should be denied (except to the extent that Prophet Capital should be given the opportunity to amend its complaint with respect to the unjust enrichment claim as mentioned above). Finally,

---

claims that are not dismissed pursuant to Rule 12(b)(6)," Def. Motion at 6, and because Prophet Equity only moved to have two claims dismissed pursuant to 12(b)(6), the undersigned assumes that Prophet Equity is only seeking a more definite statement on the two claims it specifically addressed. If this assumption is incorrect, the undersigned briefly notes that Plaintiffs' allegations are sufficient to state a claim under federal trademark law and the common law.

Prophet Equity's motion contesting service should be denied as moot, as both parties now agree that Prophet Equity has been properly served.

## IV. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Defendant Prophet Equity LLC's Motion to Dismiss (Clerk's Doc. No. 5) with regard to Plaintiffs' state law dilution claim. The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** Defendant Prophet Equity LLC's Motion to Dismiss (Clerk's Doc. No. 5) with regard to Plaintiffs' unjust enrichment claim, unless Plaintiffs fail to amend their complaint within whatever deadline the District Judge sets, in which case the motion should be granted as to this claim. The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** Defendant Prophet Equity LLC's Alternative Motion for More Definite Statement Pursuant to Rule 12 (Clerk's Doc. No. 5). Finally, the undersigned **RECOMMENDS** that the District Court **DENY AS MOOT** Defendant Prophet Equity LLC's Motion Contesting Service (Clerk's Doc. No. 5).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 25th day of September, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE